# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.   2:19-cv-255 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EIGHT THOUSAND FIFTY AND 00/100 | : | **VERIFIED COMPLAINT FOR** |
| DOLLARS ($8,050.00) IN UNITED | : | **FORFEITURE IN REM** |
| STATES CURRENCY, | : | |
| | : | |
| Defendant 1, | : | |
| | : | |
| AN 18-KARAT YELLOW GOLD | : | |
| PRESIDENTIAL ROLEX WATCH AND | : | |
| BAND WITH DIAMOND BEZEL, | : | |
| MODEL NUMBER 18238, SERIAL | : | |
| NUMBER T572938, | : | |
| | : | |
| Defendant 2, | : | |
| | : | |
| A 10-KARAT YELLOW GOLD | : | |
| NECKLACE AND A MULTI-DIAMOND | : | |
| MEDALLION, | : | |
| | : | |
| Defendant 3, | : | |
| | : | |
| and | : | |
| | : | |
| ONE (1) PAIR OF 10-KARAT YELLOW | : | |
| GOLD DIAMOND CLUSTER | : | |
| EARRINGS, | : | |
| | : | |
| Defendant 4. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1.     This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## THE DEFENDANTS IN REM

2.     Defendant 1 is Eight Thousand Fifty and 00/100 Dollars ($8,050.00) in United States currency.  The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and the Columbus Division of Police ("CPD") seized Defendant 1 from Dominic K. Thompson on or about August 23, 2018, at the time of his arrest pursuant to a federal arrest warrant.   On or about August 27, 2018, ATF took custody of Defendant 1, which was subsequently deposited into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

3.     Defendant 2 is an 18-karat yellow gold Presidential Rolex watch and band with diamond bezel, Model Number 18238, Serial Number T572938, set with approximately 1.00 total carat weight round diamonds.   The ATF seized Defendant 2 from Dominic K. Thompson on or about August 23, 2018, at the time of his arrest pursuant to a federal arrest warrant.    On or about September 12, 2018, ATF transferred custody of Defendant 2 to the United States Marshals Service's property custodian where it will remain during the pendency of this action.

4.     Defendant 3 is a 10-karat yellow gold "heavy chain" necklace and a multi-diamond medallion set with approximately 1.00 total carat weight round diamonds.   The ATF seized Defendant 3 from Dominic K. Thompson on or about August 23, 2018, at the time of his arrest pursuant to a federal arrest warrant.    On or about September 12, 2018, ATF transferred custody

of Defendant 3 to the United States Marshals Service's property custodian where it will remain during the pendency of this action.

5. Defendant 4 is one (1) pair of 10-karat yellow gold diamond cluster earrings set with approximately 1/2 total carat weight round diamonds. The ATF seized Defendant 4 from Dominic K. Thompson on or about August 23, 2018, at the time of his arrest pursuant to a federal arrest warrant. On or about September 12, 2018, ATF transferred custody of Defendant 4 to the United States Marshals Service's property custodian where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

6. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants under 21 U.S.C. § 881(a)(6). This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

7. This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

8. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendants were seized in the Southern District of Ohio.

## BASIS FOR FORFEITURE

9. The defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished by any person in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used

to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

## FACTS

10. On or about June 20, 2018, a plain clothes CPD officer observed a black Mercedes leaving a house located at E Hudson Street and McGuffey Road in Columbus, Ohio. The CPD officer had prior knowledge that the occupants of the house engaged in narcotics and gang activity. The officer observed the vehicle drive a short distance to a market located near the home and then observed a male he recognized as Dominic K. Thompson ("Thompson") exit the driver's door of the vehicle.

11. CPD officers determined that Thompson's license was suspended with limited privileges and had reason to believe that he was driving outside of his privileges. When Thompson returned to his vehicle and proceeded to drive to an alley south of E Hudson Street, a marked CPD unit was behind his vehicle.

12. Thompson parked the vehicle and quickly exited it. Officers approached Thompson and advised that they suspected he was driving outside his privileges. Officers looked into the passenger compartment of the vehicle and observed a digital scale with white powder residue in plain view on the driver's seat.

13. Officers conducted a pat down of Thompson for weapons. During the pat down, a CPD officer felt a bag containing a large "rock" substance which he believed to be narcotics.

14. Thompson was placed under arrest for driving under suspension. A CPD officer then searched Thompson and found a total of $10,495.00 in his pockets. CPD officers also recovered approximately 31.136 grams of a substance containing a detectable amount of cocaine base, commonly known as crack (confirmed through lab analysis), and approximately 14.760

grams of cocaine (confirmed through lab analysis) from Thompson.

15. On August 23, 2018, Thompson was charged by Criminal Complaint in the United States District Court for the Southern District of Ohio, Eastern Division (Case No. 2:18-mj-635) with possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). United States Magistrate Judge Kimberly A. Jolson issued an arrest warrant for Thompson.

16. ATF Task Force Officer Samuel Chappell ("TFO Chappell"), with assistance from CPD, located and arrested Thompson on August 23, 2018, without incident. During a search of Thompson, a CPD officer located an envelope with a large amount of money in Thompson's right front pants pocket and found loose money in his left front pants pocket. The officer seized the money which totaled $8,050.00 in United States currency (Defendant 1).

17. While processing Thompson into custody on August 23, 2018, officers also seized a Rolex watch (Defendant 2), a necklace and medallion (Defendant 3), and diamond earrings (Defendant 4) from Thompson's person.

18. On September 21, 2018, a federal grand jury sitting in Columbus, Ohio, returned a one-count Indictment in Criminal Case No. 2:18-cr-196, charging Thompson with possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

19. On or about November 29, 2018, the United States and Thompson entered into a Plea Agreement in which Thompson agreed to plead guilty to Count 1 of the Indictment. Under the terms of the Plea Agreement, Thompson agreed to forfeit the $10,495.00 in United States currency that was seized from him on June 20, 2018, and he admitted that the property constitutes, or was derived from, proceeds he obtained, directly or indirectly, from the offense charged in

5

Count 1 of the Indictment, or constitutes property used, or intended to be used, to commit, or to facilitate such violation. On January 16, 2019, Thompson entered a plea of guilty to the Indictment.

20. On or about October 29, 2018, ATF received a claim from Thompson asserting an interest in the defendants. In his claim, Thompson stated that he is the sole owner of the currency, he purchased the necklace and diamond earrings, and he inherited the Rolex watch from his grandfather who died in 1997. Thompson advised that he did not have any documents to support his claim, and he did not provide any information about his income.

21. After receiving Thompson's claim, TFO Chappell researched the Rolex (Defendant 2) and determined that it was manufactured in 1996. Further investigation revealed that Thompson's statement that he had "inherited the Rolex when [his] grandfather died in 1997" probably was not true. Rolex's Customer Service Division advised TFO Chappell that the Rolex "was sold out-of-the-country to an affiliate in October of 1998."

22. TFO Chappell has learned that Thompson has not filed personal income tax returns in the State of Ohio since 2014, and he has not filed any business tax returns for the years 2014-2017.

23. Based upon the foregoing facts, the United States asserts that the defendants, $8,050.00 in United States currency (Defendant 1), the Rolex watch (Defendant 2), the necklace and medallion (Defendant 3), and the diamond earrings (Defendant 4), represent property furnished or intended to be furnished by any person in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846, and are therefore subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## **CLAIM FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert, in conformity with the law, a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendants as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax (513) 684-6385
Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Samuel Chappell, hereby verify and declare under the penalty of perjury that I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

_1-25-19_
Date

_[signature]_
SAMUEL CHAPPELL, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Eight Thousand Fifty and 00/100 Dollars ($8,050.00) in United States Currency, et al.

(b) County of Residence of First Listed Plaintiff **Franklin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Franklin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE Algenon L. Marbley
DOCKET NUMBER 2:18-cr-196

DATE 1/25/19
SIGNATURE OF ATTORNEY OF RECORD *[signed]*

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE